# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Joseph A. Schiavone Corporation<br>Michael Schiavone, | : | Civil Action<br>No. 302 CV-1718 (RNC) |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Philip Kasden<br>Northeast Utilities Service Company,<br>Connecticut Light and Power Company | : | |
| | : | |
| Defendants | : | February 12, 2004 |
| | : | |

### Memorandum of Law in Support of
### Plaintiffs' Motion for Order Compelling Discovery
### from Connecticut Light & Power Company

1.    Nature of the Case and Background

The plaintiffs initiated this action by way of a *Complaint* dated September 25, 2002 and then filed an *Amended Complaint*, dated October 1, 2002. A *Second Amended Complaint*, adding Connecticut Light & Power Company as a defendant, was filed on June 9, 2003. The *Second Amended Complaint* seeks declaratory judgments of liability and an allocation of costs pursuant to CERCLA § 113, as well as relief pursuant to state law claims, for contamination of certain real property with hazardous substances, including PCBs. There are four counts to the *Second Amended Complaint*:

Count I -      CERCLA § 113

Count II -    CGS § 22a-16
Count III -   CGS § 22a-452
Count III -   Declaratory Relief Under CERCLA

Plaintiffs allege that the defendant Connecticut Light & Power Company ("CL&P") arranged for disposal or treatment of hazardous substances, including PCBs and PCB containing transformers, at Lot 2, 300 Universal Drive North, North Haven - f/k/a Lot 2, 175 Universal Drive North, North Haven ("Property") during some period of time between 1968 and 1978.

*Plaintiffs' First Set of Interrogatories and Production Requests Addressed To Connecticut Light & Power Company*, dated December 2, 2003, consists of 7 interrogatories and 5 document production requests. Exhibit A. CL&P's response, dated December 30, 2003, objected to each of the 7 interrogatories and 4 of the 5 production requests while providing "partial" responses and some documents. Exhibit B. Although CL&P did not object to the fifth document request, its response is not adequate.

By letter dated January 8, 2004, counsel for plaintiffs pointed out several problems with CL&P's response. Exhibit C. As the letter indicates: (1) the responses were not signed by CL&P, (2) the "partial" responses are inappropriate where the entire interrogatory has been objected to, (3) each of CL&P's objections is waived as it is generic boilerplate rather than the specific detailed objection required under the Rules, and (4) each of the objections is without merit. CL&P has since provided the required signature.

CL&P did not respond to this letter in a timely manner. Undersigned counsel contacted

2

counsel for CL&P and arranged for a conference call on January 21, 2004.  Counsel for CL&P

rescheduled the conference for January 23, 2004.  During that conference call, counsel for CL&P

agreed to withdraw objections to Interrogatory #2, Interrogatory #7, and Request for Production #3.

Exhibit D, Affidavit of Nicholas J. Harding; Exhibit E.  It was also agreed that CL&P would provide

revised responses which replace "please see" type references to prior responses of another defendant

with more appropriate language specifically adopting such material as CL&P's own response.

Revised responses were to be provided by 12:00 pm January 30, 2004.  Exhibit D; Exhibit E.  No

other agreements were reached but counsel for CL&P indicated he would *consider* revising

objections to provide additional specificity. Exhibit D; Exhibit E.

Revised responses were provided at approximately 2:00 pm on January 30, 2004.  Exhibit

G.  These responses include additional detail for some, though not all, of the generic objections

provided in the original responses.  The revised responses reflect some, but not all, of the changes

agreed on during the conference.

*Plaintiffs' First Set of Interrogatories and Production Request Addressed to Northeast

Utilities Service Company* ("NUSCO Requests") and Northeast Utilities Service Company's

("NUSCO") objections and partial responses to same ("NUSCO Objections") are relevant to this

Motion to Compel and can be found attached *to Plaintiffs' Motion for Order Compelling Discovery

from Northeast Utilities Service Company* dated April 25, 2003.  Also relevant is the *Ruling on

Plaintiffs' Motion to Compel* by Judge Martinez dated June 11, 2003.  Exhibit F.

2.     Verbatim Listing Pursuant to Local Rule 37(a)(3)

Pursuant to Local Rule 37(a)(3), each interrogatory and objection which is the subject of this Motion to Compel is set forth verbatim below in § 3 Discussion.

3.     Discussion

A motion for an order to compel discovery is appropriate if a party fails to answer an interrogatory submitted under FRCP Rule 33 or fails to provide or make available documents requested under Rule 34. FRCP Rules 37(a)(2)(B), 33(b)(5), and 34(b). Moreover, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." FRCP Rule 37(a)(3). An objecting party is required to "state the **reasons** for objection." FRCP Rule 33(b)(1) (emphasis added); *see also* FRCP Rule 34(b). "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." FRCP Rule 33(b)(4).

**Objections Waived By "Partial" Responses**

For Interrogatories ## 1, 5, 6, and 7 and Requests for Production 1, 2, and 4, in addition to its objections, CL&P provided "partial" responses and produced some documents. FRCP Rule 33 requires that a party "shall answer to the extent the interrogatory is not objectionable." It is therefore

4

proper to assert a specific, detailed objection **to a portion** of an interrogatory and then provide a response **to the remainder** of the interrogatory, without objection. Such a procedure delineates the parameters of the response and allows the requesting party to properly analyze the objection. However, this is **not** what CL&P provided.

CL&P objected to each interrogatory **in its entirety**. Then, in direct contradiction of its assertion that the whole interrogatory was objectionable, it provided a "partial" response. CL&P made no effort to explain what portion of the interrogatory it was responding to or how it chose to delineate the parameters of its response. The plaintiffs are not able to ascertain the nature, extent, or completeness of these "partial" responses.

CL&P's provision of a response, with no effort to identify or carve out those portions of an interrogatory which (it believes) are objectionable and those which are unobjectionable, contradicts its assertion of an objection to each of the interrogatories as a whole. The provision of such a response, coupled with a generic objection to the entire interrogatory, should be deemed a waiver of the asserted objection. *See e.g. Meese v. Eaton Manufacturing Company*, 35 F.R.D. 162, 166 (N.D. Ohio, 1964) ("[w]henever an answer accompanies an objection, the objection is deemed waived and the answer, *if responsive*, stands."; emphasis added).

Counsel for CL&P has expressed the opinion that such partial responses comply with the rules of discovery. CL&P's interpretation of the rules makes it impossible to evaluate what has and what has not been produced. That approach cannot be reconciled with the language of Rule 33(b)(1)

and (4) and Rule 34(b).

**Objections Are Without Merit**

As noted above, the burden is on CL&P to make timely specific objections in accordance with the rules. In addition to the problem of "partial" responses, CL&P's objections are without merit.

**Interrogatory #1:**

Interrogatory #1 reads:

> Please provide the names, employment titles, dates of employment, and, if not currently employed by CL&P, last known addresses of all employees of CL&P from 1968 through 1978 who **in the regular course of their duties were involved with** the purchase, use, repair, maintenance, or disposal of transformers and other PCB containing material or equipment. Emphasis added.

Objection (as revised, Exhibit G):

> Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, overly vague with respect to the phrase "in the regular course of their duties," and is not reasonably calculated to lead to the discovery of relevant, material, or admissible evidence. As currently stated, this interrogatory will require information on employees who had absolutely nothing to do with this matter. Potentially hundreds - and maybe thousands - of employees have had duties involving the "purchase, use, repair, maintenance, or disposal of transformers and other PCB containing material or equipment." Such information would not be relevant, material or admissible, nor lead to the discovery of same.

CL&P objects to the language "in the regular course of their duties" as vague. CL&P's original objection (Exhibit B) copied the objection previously made in the NUSCO Objections. CL&P's revised objection claims that employees who, in the regular course of their duties, participated in the identified

activities would have "absolutely nothing to do with this matter." CL&P fails to explain why such employees could have no knowledge relevant to this matter. The mere fact that there are a large number of employees with potentially relevant knowledge does not render this request burdensome. It is particularly important for the plaintiff to have a complete list of persons with potential knowledge in this case as it deals with activities that occurred some time ago and it is reasonable to anticipate that many of these potential sources of information will be unavailable or difficult to locate.

The language of this request was modified to include language suggested by the Court during oral argument on the plaintiffs' Motion to Compel discovery from NUSCO and specifically included in the Court's Ruling on same.[1] Exhibit F; Exhibit H, Transcript of Oral Argument, p. 39. Yet CL&P still claims that very language is vague. The prior Ruling on this interrogatory denies the objection based on that modification and NUSCO's failure to meet its burden of proof in claiming undue burden.[2] Exhibit F. CL&P has not provided any additional support for its claim of burden. CL&P's objection must also be denied.

**Interrogatory #2:**     Objection withdrawn. Exhibit G.

**Interrogatory #3:**     Objection withdrawn. Exhibit G.

_____

[1] The Interrogatory to NUSCO read: Please provide the names, employment titles, dates of employment, and, if not currently employed by NUSCO, last known addresses of all employees of NUSCO from 1968 through 1978 whose employment duties **in any way touched or concerned** the purchase, use, repair, maintenance, or disposal of transformers and other PCB containing material or equipment. Emphasis added.

[2] NUSCO has objected to Judge Martinez' Ruling with respect to Interrogatory #1; that objection is still pending.

7

**Interrogatory #4:**

Interrogatory #4 reads:

Please provide the names, employment titles, dates of employment, and, if not currently employed by CL&P, last known addresses of all employees of CL&P responsible for document retention or management for the years 1968 through the present.

Objection (as revised, Exhibit G):

Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, overly vague with respect to the phrase "responsible for," unduly burdensome, and seeks information which is not relevant or material to Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Assuming, however, that Plaintiffs intended to limit this interrogatory to include those employees of the Records Center whose employment responsibilities included the retention or management of policies or procedures that would concern the sale, purchase, use, maintenance, or repair of transformers or any other PCB-containing material, CL&P is responding appropriately.

CL&P's revised objection attempts to limit this request to employees with responsibility for "retention or management of policies or procedure that would concern the sale, purchase, use, maintenance, or repair of transformers or any other PCB-containing material ...". Exhibit G. This is not acceptable. Persons responsible for document retention and document retention policies often have information concerning the archiving, location, and destruction of documents even though they may have no knowledge of or responsibility for specific subjects, such as transformer disposal. CL&P has not offered any support for its claims that this request is burdensome and the term "responsible for" is not vague.

8