**Interrogatory #5 & Document Production Request #1**

Interrogatory #5 (as drafted by the plaintiffs; Exhibit A) reads:

> Please describe in detail all transactions and **business transactions** between CL&P and Kasden & Sons. Emphasis added.

Objection:

> Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Defendant further objects to this interrogatory on the grounds that it is unduly vague as to the meaning of "business dealings."

With respect to this request CL&P has taken the liberty of re-writing plaintiffs' interrogatory to make it objectionable. Plaintiffs original request to NUSCO asked for a description of "...transactions and **business dealings** between NUSCO and Kasden & Sons". Emphasis added. NUSCO's objections to this request were resolved by substituting the words "business transactions" for "business dealings". As shown above, Plaintiffs carefully included this modified language in their request to CL&P (Document Production Request #1 also includes the modified language).[3] However, looking at CL&P's original (Exhibit B) and revised (Exhibit G) responses, Interrogatory #5 is incorrectly reproduced as reading:

> Please describe in detail all transactions and **business dealings** between CL&P and Kasden & Sons. Emphasis added.

---

[3] Document Production Request #1 reads: "All documents concerning transactions or business **transactions** with Kasden & Sons as identified in response to Interrogatory # 5 above." Emphasis added.
   Objection: See objection and partial response to Interrogatory #5 above.

9

Document Production Request #1 has been similarly modified and CL&P goes on to object to the term "business dealings", a term it inserted into the requests itself, as vague. CL&P should have no objection to these requests *as written by the plaintiffs* in compliance with the agreement on the prior NUSCO requests.

CL&P's original objections were uniformly generalized, boilerplate objections. Exhibit B. In its revised responses, CL&P does provide an additional sentence or two of explanation for most of its objections. However, no additional detail is provided for CL&P's objection to Interrogatory #5 which, by incorporation, is also its objection to Request for Production #1. Exhibit G.

"[P]at, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Department of Law*, 166 F.R.D. 293, 295 (W.D. N. Y. 1996); *see also Flynn v. Goldman, Sachs & Co*, 1991 WL 238186, *3 (S.D.N.Y. 1991) (**"ritual use of language such as overly broad and burdensome in boilerplate general objections to document requests raises no meaningful issue, and affords no legally sufficient basis for refusing to produce documents"**; internal quotations omitted; emphasis added); *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("**[o]bjections to interrogatories must be specific and be supported by a detailed explanation why the interrogatories are improper.**"; emphasis added ).

During the conference call discussing these objections, counsel for CL&P indicated his belief that its original objections fully complied with the rules of discovery. This misapprehension

concerning the requirements for objecting and responding to discovery should not encouraged. This Court can and should view CL&P's failure to make specific legitimate objections, pursuant to FRCP Rule 33(b)(4), within the time allowed as a waiver of its right to object.

**Interrogatory #6**

Interrogatory #6 reads:

Please describe in detail CL&P's practices and procedures for purchase, use, repair, maintenance, and disposal of transformers and other PCB containing material or equipment for the years 1968 through 1978.

Objection (as revised, Exhibit G):

Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objections are based on the requirement to describe "in detail".

CL&P's revised objection states the objection is "based on the requirement to describe in detail". A request to describe something in detail is not objectionable. Asking for detail does not make the request overly burdensome and, where the information sought by a question is itself relevant, a request for detail certainly does not render it irrelevant. CL&P should simply make a good faith effort to provide a detailed response. Given that CL&P has in fact answered the interrogatory, the plaintiffs cannot understand why it feels it must interpose an objection. The objection begs the question of what "detail" is being withheld based on that objection.

**Interrogatory #7:**

**CL&P agreed to withdraw its objection to Interrogatory #7.** Exhibit D; Exhibit E. Yet, CL&P's revised response includes a revised objection to Interrogatory #7. CL&P should be held to its agreement and, on that basis alone, should not be allowed to maintain an objection to Interrogatory #7.

Interrogatory #7 reads:

Please identify any entity or persons with or through which CL&P arranged for the transport or disposal of transformers or other PCB containing materials or equipment for the years 1968 through 1978.

Objection (as revised, Exhibit G):

Defendant objects to this interrogatory on the grounds that it is overly broad in scope and time-frame, unduly burdensome, overly vague with respect to the word "arranged", and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objections are also based on the fact that this interrogatory seeks information on activities wholly unrelated to the Kasden site.

CL&P's revised objection attempts to use the prior ruling against discovery of documents concerning alternative disposal sites to resist this interrogatory. This interrogatory seeks the identification of persons who may have information relevant to this action. Any person or entity with which CL&P arranged for transport or disposal of PCB containing material may have information concerning the types and volume of such material CL&P was disposing of in the relevant time period and the procedures and practices CL&P followed. Also, given the time frame involved (1968 - 1978) and the likely incomplete records available, even a good faith effort by CL&P to carve out those persons and entities it can *currently* identify as having been involved in transport to, or disposal at, the

12

Property (from the larger set of all entities involved in those activities) is highly susceptible to omissions.

CL&P provides no explanation or support for its argument that the mere *identification* of those persons and entities requested (as opposed to the provision of documents concerning those entities), for the limited time period of 1968-1978, is an overly burdensome task. Nor does CL&P provide explanation or support for the claim that the time frame is overly broad. The claim that the term "arranged" is vague is spurious.

**Document Production Request #2:**

Document Production Request #2 reads:

Please identify any entity or persons with or through which CL&P arranged for the transport or disposal of transformers or other PCB containing materials or equipment for the years 1968 through 1978.

Objection:

See objection and partial response to Interrogatory #6 above.

This request was modified from the language of the request sent to NUSCO. The request made of NUSCO included documents concerning *disposal* of transformers. The term disposal was removed from the request based on the Court's prior discovery Ruling (Exhibit F) excluding discovery of documents concerning disposal sites other than the former Kasden site. With the term disposal removed, the request does not include alternative disposal sites; it only includes documents concerning CL&P's own handling of transformers and PCB containing material including purchase, use, repair,

13

maintenance and service of same.

CL&P relies on its objection to Interrogatory #6 in objecting to this request. As discussed above, that objection should be denied and CL&P should be compelled to provide all relevant documents.

**Document Production Request #3:** Objection withdrawn.

**Document Production Request #4**

Document Production Request #4 reads:

Any and all documents containing information about any transformers CL&P purchased, used, maintained, serviced, disposed of, or arranged for the disposal of from 1968 to 1981, including: manufacturer, date of manufacture, type of dielectric fluid, tests performed on the transformers, and service or maintenance of the transformers.

Objection (as revised, Exhibit G):

Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objection is based on the fact that this Interrogatory seeks documents or activities wholly unrelated to the Kasden site.

This request is limited by time and seeks specific relevant information concerning transformers. Plaintiffs do not fully understand CL&P's objection to this request, even as revised. CL&P's revised objection adds a sentence claiming the objection is based on plaintiffs seeking documents unrelated to the Kasden site. This is apparently a reference to the prior ruling (Exhibit F) excluding from discovery

14

**documents** concerning disposal sites other than the Kasden site. This request was designed to seek documents concerning the defendant CL&P's **own handling** of its transformers within a limited time period. In an effort to reach agreement, plaintiffs propose eliminating the following language from the request: "disposed of, or arranged for the disposal of". The deletion of this language clarifies the intent of this interrogatory and eliminates any possibility that responsive documents concerning alternative disposal sites are sought CL&P's objection is otherwise wholly unsupported.

**Document Production Request #5**

> All documents supporting or concerning each of your affirmative defenses as set forth in your September 2, 2003 *Answer to Second Amended Complaint*.

Exhibit A.

CL&P did not object to this document production request. However, CL&P's response is not adequate. CL&P states that it "will produce responsive documentation as it becomes available." Plaintiffs request that CL&P be compelled to confirm that it made a reasonable search and that no responsive documents currently exist.

4.  Conclusion

For the reasons discussed above, CL&P's objections to *Plaintiffs' First Set of Interrogatories and Production Requests Addressed To Connecticut Light & Power Company* lack merit. Plaintiffs

request an Order compelling CL&P to respond in full to the interrogatories and to produce all responsive documents.

                                                Respectfully submitted,

                                                Joseph A. Schiavone Corporation, and
                                                Michael Schiavone
                                                Plaintiffs

                                                _____
                                                Nicholas J. Harding
                                                Federal Bar No. ct06387
                                                Kosloff & Harding
                                                Their Attorneys
                                                28 North Main Street
                                                West Hartford, CT 06107
                                                Tel: (860)521-7004
                                                Fax: (860) 521-3352

F:\WPDOCS\Schiavone\PCB 2057.11\Fed Pleadings\Discovery\MotionToCompelCL&PResponsesMemo.wpd

## Certificate of Service

    I hereby certify that a copy of the above was mailed or delivered in hand on February 12, 2004 to all counsel and pro se parties of record as follows:

Connecticut Light and Power Company
Northeast Utilities Service Company

Charles J. Nicol, Esq.
Angela L. Ruggiero, Esq.
Duncan Ross MacKay, Esq.
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT 06141-0270

Tel:   665-3431 / 665-3495
Fax:  665-5504

_____
Nicholas J. Harding

Filing Location:

Office of the Clerk
U.S. District Court
450 Main Street
Hartford, CT 06103