<u>RESPONSE</u>:  OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is not relevant or material Plaintiff's action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Defendant further objects to this interrogatory on the grounds that it is unduly vague as to the meaning of "business dealings."

Notwithstanding and without waiving these objections, Defendant provides the following information:

CL&P's transactions and business dealings with Kasden & Sons has been provided in "Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents", dated March 27, 2003, in "Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents", dated May 9, 2003, and in "Northeast Utilities Service Company's Second Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents", dated June 26, 2003.

## INTERROGATORY NO. 6:

Please describe in detail CL&P's practices and procedures for purchase, use, repair, maintenance, and disposal of transformers and other PCB containing material or equipment for the years 1968 through 1978.

<u>RESPONSE</u>:  OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material Plaintiff's action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.

8

Notwithstanding and without waiving these objections, Defendant provides the following information:

CL&P's practices and procedures for purchase, use, repair, maintenance, and disposal of transformers and other PCB-containing material or equipment for the years 1968 through 1978 has been provided in *"Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents"*, dated March 27, 2003, and in *"Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents"*, dated May 9, 2003.

## INTERROGATORY NO. 7:

Please identify any entity or persons with or through which CL&P arranged for the transport or disposal of transformers or other PCB containing materials or equipment for the years 1968 through 1978.

> *RESPONSE:  OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad in scope and time-frame, unduly burdensome, overly vague with respect to the word "arranged", and seeks information which is not relevant or material Plaintiff's action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.*
>
> Notwithstanding and without waiving these objections, Defendant provides the following information:
>
> Any entity or persons with or through which CL&P arranged for the transport or disposal of transformers or other PCB-containing materials or equipment for the years 1968 through 1978 been identified in *"Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents"*, dated March 27, 2003, in *"Northeast Utilities Service Company's First*

9

*Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents"*, dated May 9, 2003.

## DOCUMENT PRODUCTION REQUESTS

Pursuant to FRCP Rules 26 and 34, and Local Rule 39, the plaintiffs hereby request that you produce, at the office of Kosloff & Harding, 28 North Main Street, West Hartford, Connecticut, 06107, the documents described below. In accordance with FRCP 34(b), you must produce the documents as they are kept in the usual course of business or you must organize and label them to correspond with the categories in this request.

The definitions and rules of construction contained in Local Rule 39 apply to this discovery request, other terms have defined meanings as set forth above, p. 1-2.

    1.    All documents concerning transactions or business dealings with Kasden & Sons as identified in response to Interrogatory #5 above.

> **RESPONSE:** OBJECTION. *See objection and partial response to Interrogatory #5 above.*
>
> **Notwithstanding and without waiving these objections, Defendant provides the following information:**

10

All documents concerning transactions or business dealings with Kasden & Sons as identified in response to Interrogatory #5 have been produced in *"Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents"*, dated May 9, 2003, and in *"Northeast Utilities Service Company's Second Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents"*, dated June 26, 2003.

2. All documents concerning CL&P's purchase, use, repair, and maintenance, or service of transformers and other PCB containing material or equipment for the years 1968 through 1981.

> **RESPONSE: OBJECTION.** *See objection and partial response to Interrogatory #6 above.*
>
> **Notwithstanding and without waiving these objections, Defendant provides the following information:**
>
> **Potentially responsive documents that have not been produced to date may be viewed at a mutually convenient time at 3333 Berlin Turnpike, Berlin, CT.**

3. All documents concerning arrangements for transport or disposal of transformers and other PCB containing material or equipment by CL&P, for the years 1968 through 1978, at Lot 2, Lot 2A, or with Kasden.

> **RESPONSE: OBJECTION.** *See objection and partial response to Interrogatory #7 above.*
>
> **Notwithstanding and without waiving these objections, Defendant provides the following information:**

11

> All documents concerning arrangements for transport or disposal of transformers and other PCB-containing material or equipment by CL&P, for the years 1968 through 1978, at Lot 2, Lot 2A, or with Kasden have been produced in "*Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Request for Production of Documents*" dated March 27, 2003, "*Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated May 9, 2003, and in "*Northeast Utilities Service Company's Second Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated June 26, 2003.

4.      Any and all documents containing information about any transformers CL&P purchased, used, maintained, serviced, disposed or, or arranged for the disposal of from 1968 to 1981, including: manufacturer, date of manufacture, type of dielectric fluid, tests performed on the transformers, and service or maintenance of the transformers.

> **RESPONSE**: **OBJECTION.** *Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material Plaintiff's action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.*
>
> Notwithstanding and without waiving these objections, Defendant provides the following information:
>
> Potentially responsive documents may be viewed at a mutually convenient time at 3333 Berlin Turnpike, Berlin, CT.

12

5. All documents supporting or concerning each of your affirmative defenses as set forth in your September 2, 2003 Answer to Second Amended Complaint.

**RESPONSE:** **Defendant will produce responsive documentation as it becomes available.**

DEFENDANT,
THE CONNECTICUT LIGHT AND
POWER COMPANY

By: *(signature)*
Angela L. Ruggiero
Federal Bar No. ct 24792
Northeast Utilities Service Company
Legal Department
P.O. Box 270
Hartford, CT 06141-0270
(860) 665-3667

Its Attorney

13

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed certified mail, to

Nicholas J. Harding
Kosloff & Harding
28 North Main Street
West Hartford, CT 06107

Tel:   (860) 521-7004
Fax:   (860) 521-3352

I further certify that a copy of the foregoing was mailed certified mail, to

Irving H. Perlmutter
Ulman, Perlmutter & Sklaver
47 Trumbull Street
P.O. Box 514
New Haven, CT 06503-0514

Tel:   (203) 772-2180
Fax:   (203) 772-4631

_____
Angela L. Ruggiero

14