UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH A. SCHIAVONE CORPORATION<br>MICHAEL C. SCHIAVONE<br>Plaintiffs,<br><br>v.<br><br>PHILIP KASDEN,<br>NORTHEAST UTILITIES SERVICE COMPANY,<br>THE CONNECTICUT LIGHT AND POWER COMPANY<br><br>Defendant. | CIVIL ACTION NO.<br>3:02 CV-1718 (RNC)<br><br><br><br>January 30, 2004 |

### THE CONNECTICUT LIGHT AND POWER COMPANY'S FIRST REVISED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND PRODUCTION REQUESTS ADDRESSED TO THE CONNECTICUT LIGHT AND POWER COMPANY

Defendant, The Connecticut Light and Power ("CL&P" or "Defendant") hereby submits its first revised objections and responses to Plaintiffs' First Set of Interrogatories and Production Requests Addressed to CL&P.

### INTERROGATORY RESPONSES

The following are Defendant's responses and objections to Plaintiffs' Interrogatories.

### INTERROGATORY NO. 1:



1

Please provide the names, employment titles, dates of employment, and, if not currently employed by CL&P, last known addresses of all employees of CL&P from 1968 through 1978 who in the regular course of their duties were involved with the purchase, use, repair, maintenance, or disposal of transformers and other PCB containing material or equipment.

**RESPONSE**:    OBJECTION.

*Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, overly vague with respect to the phrase "in the regular course of their duties," and is not reasonably calculated to lead to the discovery of relevant, material, or admissible evidence. As currently stated, this Interrogatory will require information on employees who had absolutely nothing to do with this matter. Potentially hundreds -- and maybe thousands -- of employees have had duties involving the "purchase, use, repair, maintenance, or disposal of transformers and other PCB containing material or equipment." Such information would not be relevant, material or admissible, nor lead to the discovery of same.*

*Notwithstanding and without waiving these objections, Defendant provides the following information:*

1. James Ingala
   538 Wood Hill Road
   Cheshire, CT 06410

   Employment Dates:    4/16/1973 – Present
   Employment Title:    Regional Supervisor –
                        Materials Management

2. Al Roy
   5 Tallwood Road
   Farmington, CT 06032

   Employment Dates:    9/23/1968 – Present
   Employment Title:    Manager – Customer Operations

3. Robert Hale

2

    10 Maybury Road
    Suffield, CT 06078

| | |
|---|---|
| Employment Dates: | 7/30/1945 – 9/30/1978 |
| Employment Title: | Vice President – Purchasing and Materials Management |

4. Richard Baccaro
    181 Ellwood Road
    Kensington, CT 06037

| | |
|---|---|
| Employment Dates: | 2/24/1970 – 2/25/2001 |
| Employment Title: | Buyer |

5. Norm Priessel
    370 Lewis Road
    New Britain, CT 06053

| | |
|---|---|
| Employment Dates: | 2/8/1960 – 1/31/1991 |
| Employment Title: | Materials Supervisor |

6. Hank Pustelnik
    330 Four Rod Road
    Kensington, CT 06037

| | |
|---|---|
| Employment Dates: | 6/21/1962 – Present |
| Employment Title: | Chief Stockhandler |

7. Frank Petrone
    447 Wheeler Road
    Stonington, CT 06378

| | |
|---|---|
| Employment Dates: | 5/61963 – Present |
| Employment Title: | Area Stockhandler |

8. Robert Klezun
    49 Maxwell Drive
    Plantsville, CT 06479

| | |
|---|---|
| Employment Dates: | 4/1/1969 – Present |
| Employment Title: | Supervisor of Purchasing, Materials Management, and Inventory Control |

9. Allan Philibert

    76 Long Meadow Drive
    Waterbury, CT 06706

    Employment Dates:    3/26/1967 – Present
    Employment Title:    Supervisor – Transmission and Distribution Maintenance

10. Michael Kozik
    c/o Kathy Mirandi
    103 Knob Hill Road
    South Meriden, CT 06450

    Employment Dates:    5/23/1949 – 2/28/1985
    Employment Titles:    Manager – Vehicle Maintenance Services

11. Robert McLean
    P.O. Box 134
    Old Lyme, CT 06371

    Employment Dates:    4/16/1951 – 1/31/1985
    Employment Title:    Supervisor – Storeroom

12. Henry Chatain
    30 New Preston Hill Road
    New Milford, CT 06776

    Employment Dates:    12/11/1949 – 7/31/1992
    Employment Title:    Storekeeper

13. Joseph Manner
    124 South Road
    Marlborough, CT 06447

    Employment Dates:    12/12/1966 – 7/31/1984
    Employment Title:    Supervisor - Storeroom

14. Ed Mursko
    8063 SW 116 Loop
    Ocala, FL 34481

    Employment Dates:    5/22/1961 – 5/31/2001

4

    Employment Title:     Supervisor - Materials Management

15. Larry Gannon
    740 Southford Road
    Southbury, CT 06488

    Employment Dates:   9/10/1980 – Present
    Employment Title:   Materials Control Analyst A

16. Kenneth Grahn
    10 High Ridge Road
    Waterford, CT 06385

    Employment Dates:   3/30/1953 – 12/3/1991
    Employment Title:   Materials Control Analyst A

17. Gregory Sauer
    126 Newfield Street
    Middletown, CT 06457

    Employment Dates:   9/28/1981 – Present
    Employment Title:   Lead Equipment Analyst

18. Frank Stevens
    1020 S. Collier Boulevard
    Marco Island, FL 32145

    Employment Dates:   6/12/1968 – 8/31/2001
    Employment Title:   Director – Environmental Services

19. William Wagner
    12521 Kelly Sands Way, A36
    Fort Meyers, FL 33908

    Employment Dates:   6/28/1948 – 2/29/1988
    Employment Title:   Manager – Distribution Engineering

**INTERROGATORY NO. 2:**

Please provide the names, employment titles, dates of employment, and, if not currently employed by CL&P, last known addresses of all employees of CL&P in managerial positions whose employment responsibilities included maintaining and monitoring environmental compliance for the years 1968 through 1978.

>   RESPONSE: During said time period, CL&P's environmental compliance activities were handled by NU managerial positions in NUSCO. CL&P incorporates by reference NUSCO's response to Interrogatory No. 2 contained in "*Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Request for Production of Documents*" dated March 27, 2003.

INTERROGATORY NO. 3:

Please describe in detail any and all document retention policies or procedures in effect for CL&P from 1968 through the present.

>   RESPONSE: CL&P incorporates by reference NUSCO's response to Interrogatory No. 3 contained in "*Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Request for Production of Documents*" dated March 27, 2003.

INTERROGATORY NO. 4:

Please provide the names, employment titles, dates of employment, and, if not currently employed by CL&P, last known addresses of all employees of CL&P responsible for document retention or management for the years 1968 through the present.

6

> **RESPONSE:** *OBJECTION.*
>
> *Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, overly vague with respect to the phrase "responsible for", unduly burdensome, and seeks information which is not relevant or material to Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Assuming, however, that Plaintiffs intended to limit this interrogatory to include those employees of the Records Center whose employment responsibilities included the retention or management of policies or procedures that would concern the sale, purchase, use, maintenance, or repair of transformers or any other PCB-containing material, CL&P is responding appropriately.*
>
> Notwithstanding and without waiving these objections, Defendant provides the following information:
>
> CL&P's document retention is managed by NUSCO. CL&P incorporates by reference NUSCO's response to Interrogatory No. 4 contained in "Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents", dated March 27, 2003, and in "Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents", dated May 9, 2003.

## INTERROGATORY NO. 5:

Please describe in detail all transactions and business dealings between CL&P and Kasden & Sons.

> **RESPONSE:** *OBJECTION.*
>
> *Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is not relevant or material Plaintiffs' action*

7

*and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Defendant further objects to this interrogatory on the grounds that it is unduly vague as to the meaning of "business dealings."*

Notwithstanding and without waiving these objections, Defendant provides the following information:

CL&P incorporates by reference NUSCO's response to Interrogatory No. 5 contained in "*Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated March 27, 2003, in "*Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated May 9, 2003, and in "*Northeast Utilities Service Company's Second Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated June 26, 2003.

## INTERROGATORY NO. 6:

Please describe in detail CL&P's practices and procedures for purchase, use, repair, maintenance, and disposal of transformers and other PCB containing material or equipment for the years 1968 through 1978.

RESPONSE:    OBJECTION.

*Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objections are based on the requirement to describe "in detail".*

Notwithstanding and without waiving these objections, Defendant provides the following information:

8

CL&P incorporates by reference NUSCO's response to Interrogatory No. 6 contained in "*Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated March 27, 2003, and in "*Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated May 9, 2003.

### INTERROGATORY NO. 7:

Please identify any entity or persons with or through which CL&P arranged for the transport or disposal of transformers or other PCB containing materials or equipment for the years 1968 through 1978.

**RESPONSE:** **OBJECTION.**

*Defendant objects to this interrogatory on the grounds that it is overly broad in scope and time-frame, unduly burdensome, overly vague with respect to the word "arranged", and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objections are also based on the fact that this Interrogatory seeks information on activities wholly unrelated to the Kasden site.*

Notwithstanding and without waiving these objections, Defendant provides the following information:

CL&P incorporates by reference NUSCO's response to Interrogatory No. 7 contained in "*Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated March 27, 2003, in "*Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents*", dated May 9, 2003.

## DOCUMENT PRODUCTION REQUESTS

Pursuant to FRCP Rules 26 and 34, and Local Rule 39, the plaintiffs hereby request that you produce, at the office of Kosloff & Harding, 28 North Main Street, West Hartford, Connecticut, 06107, the documents described below. In accordance with FRCP 34(b), you must produce the documents as they are kept in the usual course of business or you must organize and label them to correspond with the categories in this request.

The definitions and rules of construction contained in Local Rule 39 apply to this discovery request, other terms have defined meanings as set forth above, p. 1-2.

1. All documents concerning transactions or business dealings with Kasden & Sons as identified in response to Interrogatory #5 above.

**RESPONSE:** *OBJECTION.*

*See objection and partial response to Interrogatory #5 above.*

Notwithstanding and without waiving these objections, Defendant provides the following information:

CL&P incorporates by reference all documents produced in NUSCO's in "*Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests*

10

for Production of Documents", dated May 9, 2003, and in "Northeast Utilities Service Company's Second Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents", dated June 26, 2003.

2.   All documents concerning CL&P's purchase, use, repair, and maintenance, or service of transformers and other PCB containing material or equipment for the years 1968 through 1981.

RESPONSE:   OBJECTION.

See objection and partial response to Interrogatory #6 above.

Notwithstanding and without waiving these objections, Defendant provides the following information:

Potentially responsive documents that have not been produced to date may be viewed at a mutually convenient time at 3333 Berlin Turnpike, Berlin, CT.

3.   All documents concerning arrangements for transport or disposal of transformers and other PCB containing material or equipment by CL&P, for the years 1968 through 1978, at Lot 2, Lot 2A, or with Kasden.

RESPONSE: CL&P incorporates by reference all documents produced by NUSCO's in "Northeast Utilities Service Company's Objections and Partial Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Request for Production of Documents" dated March 27, 2003, "Northeast Utilities Service Company's First Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents", dated May 9, 2003, and in

11

*"Northeast Utilities Service Company's Second Supplemental Responses to Plaintiff Joseph A. Schiavone Corporation's First Set of Interrogatories and First Requests for Production of Documents"*, dated June 26, 2003.

4. Any and all documents containing information about any transformers CL&P purchased, used, maintained, serviced, disposed or, or arranged for the disposal of from 1968 to 1981, including: manufacturer, date of manufacture, type of dielectric fluid, tests performed on the transformers, and service or maintenance of the transformers.

**RESPONSE**: OBJECTION.

*Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objection is based on the fact that this Interrogatory seeks documents or activities wholly unrelated to the Kasden site.*

Notwithstanding and without waiving these objections, Defendant provides the following information:

Potentially responsive documents may be viewed at a mutually convenient time at 3333 Berlin Turnpike, Berlin, CT.

5. All documents supporting or concerning each of your affirmative defenses as set forth in your September 2, 2003 Answer to Second Amended Complaint.

**RESPONSE:** Defendant will produce responsive documentation as it becomes available.

12

DEFENDANT,
THE CONNECTICUT LIGHT
AND POWER COMPANY

By: /s/ Angela L. Ruggiero
Angela L. Ruggiero
Federal Bar No. ct 24792
Northeast Utilities Service Company
Legal Department
P.O. Box 270
Hartford, CT 06141-0270
(860) 665-3667

Its Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed certified mail, to

Nicholas J. Harding
Kosloff & Harding
28 North Main Street
West Hartford, CT 06107

Tel:  (860) 521-7004
Fax:  (860) 521-3352

I further certify that a copy of the foregoing was mailed certified mail, to

Irving H. Perlmutter
Ulman, Perlmutter & Sklaver
47 Trumbull Street
P.O. Box 514
New Haven, CT 06503-0514

Tel:  (203) 772-2180
Fax:  (203) 772-4631

_____
Angela L. Ruggiero

14



**Northeast Utilities System**

107 Selden Street, Berlin, CT 06037

Northeast Utilities Service Company
P.O. Box 270
Hartford, CT 06141-0270
(860) 665-5000

## *LEGAL DEPARTMENT*
## *FACSIMILE REQUEST*

| | |
|---|---|
| TO: | Nicholas Harding, Esq. |
| PHONE NUMBER: | 521-7004 |
| FAX NUMBER: | 521-3352 |
| DATE: | 01/30/2004 |
| NUMBER OF PAGES: | 15 (including Coversheet) |
| FROM: | Angela L. Ruggiero |
| PHONE NUMBER: | 860-665-3667 |
| FAX NUMBER: | 860-665-5504 |

E-MAIL: ruggial@nu.com
Assistant: Barb Lezak
665-5134

## COMMENTS:

IMPORTANT NOTICE: The documents accompanying this telecopy transmission contain information which may be confidential or privileged. The information is intended for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we may arrange for the retrieval of the original documents at no cost to you.