UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH A. SCHIAVONE CORPORATION, MICHAEL SCHIAVONE <br> Plaintiffs, <br><br> v. <br><br> PHILIP KASDEN, NORTHEAST UTILITIES SERVICE COMPANY THE CONNECTICUT LIGHT AND POWER COMPANY <br> Defendants, | CIVIL ACTION NO. 3:02 CV-1718 (RNC) <br><br><br><br> March 5, 2004 |

FILED 2004 MAR -5 P 2: 29 U.S. DISTRICT COURT HARTFORD, CT.

## THE CONNECTICUT LIGHT AND POWER COMPANY'S OBJECTION TO PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCOVERY FROM CL&P

Defendant The Connecticut Light and Power Company ("CL&P" or "Defendant") hereby objects to Plaintiffs' Joseph A. Schiavone Corporation's and Michael Schiavone ("Plaintiffs") Motion for Order Compelling Discovery from CL&P for the reasons more fully set forth below.

**I.   FACTS**

In this action, Plaintiffs allege that during the 1960s and 1970s, Defendants engaged in activities that led to the contamination of land located at Lots 2 and 2A, 175 Universal Drive, North Haven, Connecticut ("Kasden Site"). More specifically, Plaintiffs allege that CL&P arranged for the disposal or treatment of transformers, containing PCBs, with H. Kasden & Sons, Inc. ("Kasden"), which then disposed of the transformers on its land, Lot 2. Plaintiffs maintain that the transformers and other material that contained PCBs leaked hazardous substances onto the land located at the Kasden Site, thereby contaminating it before Plaintiffs purchased that land

ORAL ARGUMENT REQUESTED                                                                                                    1

on or around December 31, 1984. Plaintiffs are seeking damages pursuant to CERCLA § 113, Connecticut General Statutes §§ 22a-452 and 22a-16, and declaratory relief under CERCLA.

On December 2, 2003, Plaintiffs served a set of Interrogatories and Requests for Production ("Discovery Requests") on CL&P. CL&P responded to Plaintiffs' Discover Requests on December 30, 2003. CL&P's responses contained objections; however, notwithstanding its objections, CL&P provided Plaintiffs with partial answers (i.e., CL&P answered "to the extent the interrogatory" was not objectionable, See FRCP 33(b)(1)) and various documents, stated that it would provide supplemental answers and documents when they became available, and invited Plaintiffs to view responsive documents in CL&P's possession.

On January 23, 2004, Counsel for Plaintiffs and Counsel for CL&P attempted, during a phone conversation, to come to agreement concerning the scope of Plaintiffs' Discovery Requests and CL&P's objections thereto. See Attached Affidavit of Charles J. Nicol ("Nicol Affidavit"). An agreement was reached on several matters. See Nicol Affidavit, ¶¶ 10-11. Counsel for Plaintiffs was unwilling to waiver in the unreasonable scope of certain discovery requests. Counsel for CL&P provided Plaintiffs' counsel with revised responses on January 30, 2004.[1]

It should be noted that although all parties have been asked to produce certain historical records, to date, <u>only NUSCO and CL&P have provided any of these records.</u> The other parties claim that such records were destroyed; yet, CL&P is now the subject of this motion to compel.

**II.   DISCUSSION**

**INTERROGATORY NO. 1:**

---

[1] Although Plaintiffs' counsel requested that the revised responses be provided by noon on January 30, 2004 (See ¶ 8, Exhibit E, Plaintiffs' Memorandum of Law, dated February 12, 2004), contrary to the statement in Plaintiffs' Memorandum of Law, p. 3, Counsel for CL&P never agreed to this deadline. Nothing in the Harding Affidavit, Exhibit D to Plaintiffs' Memorandum of Law, suggests otherwise.

ORAL ARGUMENT REQUESTED                                                                                              2

Please provide the names, employment titles, dates of employment, and, if not currently employed by CL&P, last known addresses of all employees of CL&P from 1968 through 1978 who in the regular course of their duties were involved with the purchase, use, repair, maintenance, or disposal of transformers and other PCB containing material or equipment.

> ***RESPONSE**: **OBJECTION**. Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, overly vague with respect to the phrase "in the regular course of their duties," and is not reasonably calculated to lead to the discovery of relevant, material, or admissible evidence. As currently stated, this Interrogatory will require information on employees who had absolutely nothing to do with this matter. Potentially hundreds -- and maybe thousands -- of employees have had duties involving the "purchase, use, repair, maintenance, or disposal of transformers and other PCB containing material or equipment." Such information would not be relevant, material or admissible, nor lead to the discovery of same.*

CL&P maintains its objection to this Interrogatory. Otherwise, CL&P would be required to identify potentially hundreds of employees who, "in the regular course of their duties were involved with the purchase, use, repair, maintenance, or disposal" of hundreds of thousands "of transformers and other PCB containing material or equipment" for a historical time period as to when most employees are either retired or deceased. For example, as was pointed out during oral argument on June 6, 2003, names of employees involved in the repair or maintenance of a transformer located in Torrington, Bethany, Salem, or anywhere else in Connecticut, is of absolutely no relevance to this case. CL&P maintains such request would be overly broad and unduly burdensome if so construed and would not lead to the discovery of any admissible or relevant information. CL&P has provided names of all employees known to CL&P to have had **any** connection with the Kasden Site. This is more than sufficient to provide Plaintiffs with relevant information.

NUSCO's objection to the Magistrate's ruling on essentially the same Interrogatory is still pending at this time.

### INTERROGATORY NO. 4:

Please provide the names, employment titles, dates of employment, and, if not currently employed by CL&P, last known addresses of all employees of CL&P responsible for document retention or management for the years 1968 through the present.

> *RESPONSE: OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, overly vague with respect to the phrase "responsible for", unduly burdensome, and seeks information which is not relevant or material to Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Assuming, however, that Plaintiffs intended to limit this interrogatory to include those employees of the Records Center whose employment responsibilities included the retention or management of policies or procedures that would concern the sale, purchase, use, maintenance, or repair of transformers or any other PCB-containing material, CL&P has responded appropriately.*

CL&P maintains its objection to this Interrogatory. Otherwise, since almost every employee is or was, in a sense, responsible to some extent for document retention, hundreds, if not thousands, of employees would have to be identified. CL&P maintains such request would be overly broad and unduly burdensome if so construed and would not lead to the discovery of any relevant or admissible information. CL&P has provided names of employees, whose primary duties and responsibilities relate to document retention or management and this should be sufficient.

The Magistrate Judge denied Plaintiffs' objection to this Interrogatory as it is applied to NUSCO, after determining that NUSCO had produced the sought-after information.

### INTERROGATORY NO. 5 and DOCUMENT PRODUCTION REQUEST NO. 1:

Please describe in detail all transactions and business transactions between CL&P and Kasden & Sons.

> *RESPONSE: OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is not relevant or material to Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Defendant further objects to this interrogatory on the grounds that it is unduly vague as to the meaning of "business dealings."*

CL&P maintains its objection to this Interrogatory. CL&P has provided adequate information and documentation to Plaintiffs, including copies of **all** documents located to date that relate to any transactions with Kasden. This information was found to be acceptable to Plaintiffs with respect to the nearly identical Interrogatory and Document Request addressed toward NUSCO; Plaintiffs now, however, find these responses unacceptable.

The Magistrate Judge denied Plaintiffs' objection to this Interrogatory and Document Request as it is applied to NUSCO, after both parties agreed that NUSCO would remove its objection and Plaintiffs were satisfied with the response. Although Counsel for CL&P attempted to reach the same agreement with Plaintiffs' Counsel on this Interrogatory and Document Request, Plaintiffs' Counsel was unwilling to accept said offer.

**INTERROGATORY NO. 6:**

Please describe in detail CL&P's practices and procedures for purchase, use, repair, maintenance, and disposal of transformers and other PCB containing material or equipment for the years 1968 through 1978.

> *ORIGINAL RESPONSE: OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material to Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.*
>
> *RESTATED RESPONSE: OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material to Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Assuming, however, that Plaintiffs intended to limit this interrogatory to address the <u>general manner in which CL&P purchased, repaired, maintained, and sold transformers from, for, or to H. Kasden & Sons or the sale or disposal to other entities</u>, CL&P has responded appropriately.*

Otherwise, CL&P would have to go into "detail" relating to hundreds of thousands of transformers and other PCB-containing material or equipment that it has purchased, used, maintained, repaired, disposed of and/or sold over the relevant time period. CL&P maintains such request would be overly broad and unduly burdensome if so construed and would not lead to the discovery of admissible or relevant information.

The Magistrate Judge denied Plaintiffs' objection to this Interrogatory as it is applied to NUSCO, after Plaintiffs' Counsel stated, in open court, that he was satisfied with NUSCO's response to said Interrogatory. There is no valid reason why Plaintiffs should not be satisfied now.

**INTERROGATORY NO. 7:**

ORAL ARGUMENT REQUESTED                                                                                                        5

Please identify any entity or persons with or through which CL&P arranged for the transport or disposal of transformers or other PCB containing material or equipment for the years 1968 through 1978.

> ***ORIGINAL RESPONSE**: **OBJECTION**. Defendant objects to this interrogatory on the grounds that it is overly broad in scope and time-frame, unduly burdensome, overly vague with respect to the word "arranged", and seeks information which is not relevant or material to Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objections are also based on the fact that this interrogatory seeks information on activities wholly unrelated to the Kasden Site.*

> **OBJECTION WITHDRAWN. RESPONSE PROVIDED.**

**DOCUMENT PRODUCTION REQUEST NO. 2:**

All documents concerning CL&P's purchase, use, repair, and maintenance or service of transformers and other PCB containing material or equipment for the years 1968 through 1981.

> ***ORIGINAL RESPONSE:** **OBJECTION**. See objection and partial response to Interrogatory #6 above.*

> ***RESTATED RESPONSE:** **OBJECTION**. See restated objection and partial response to Interrogatory #6 above.*

Plaintiffs have misstated Document Production Request No. 2 in their <u>Memorandum of Law</u>. Plaintiffs' have instead re-stated Interrogatory No. 7.

CL&P maintains its objection and only restates it to reflect the restated objection in Interrogatory #6. Otherwise, CL&P would have to produce documents relating to the purchase, use, repair, maintenance or service of transformers and other PCB-containing material or equipment to entities that are not parties to this litigation and would have to produce documentation pertaining to hundreds, if not thousands, of transformers and other PCB-containing material or equipment.

The Court denied in part and granted in part Defendants' objection to Document Production No. 2 as it applied to NUSCO. The Magistrate granted the Request to the extent that Plaintiffs were seeking information related to the Kasden Site only. This information has been provided to Plaintiffs.

**DOCUMENT PRODUCTION REQUEST NO. 4:**

Any and all documents containing information about any transformers CL&P purchased, used, maintained, serviced, disposed or, or arranged for the disposal of from 1968 to 1981, including: manufacturer, date of manufacture, type of dielectric fluid, tests performed on the transformers, and service or maintenance of the transformers.

> ***ORIGINAL RESPONSE***: ***OBJECTION. Defendant objects to this interrogatory on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information which is not relevant or material Plaintiffs' action and thus is not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Said objection is based on the fact that this Interrogatory seeks documents or activities wholly unrelated to the Kasden Site.***

CL&P maintains its objection to this Production Request. Any documents concerning transformers not related to the Kasden Site are irrelevant as the court previously ruled. Moreover, CL&P has already provided responsive information and Plaintiffs' Counsel was allowed to view and copy any potentially responsive information that CL&P may have had in its possession. On two occasions, Plaintiffs' Counsel did, in fact, review potentially responsive information in order that he might view and request copies of said documents.

**DOCUMENT PRODUCTION REQUEST NO. 5:**

All documents supporting or concerning each of your affirmative defenses as set forth in your September 2, 2003 *Answer to Second Amended Complaint.*

> ***RESPONSE.*** ***Defendant will produce responsive documentation as it becomes available.***

Defendant maintains its response to this Production Request. No objection was proffered; therefore, there is no dispute on which the Court can rule.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion to compel should be denied. CL&P has provided information and documentation that has been requested and continues to

ORAL ARGUMENT REQUESTED                                                                                                 7

supplement its answers to the Discovery Requests as additional information and documents become available.

                DEFENDANT
                THE CONNECTICUT LIGHT AND
                    POWER COMPANY

*[signature]*
Charles J. Nicol
Federal Bar No. ct 09073
Angela L. Ruggiero
Federal Bar No. ct24792
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT 06141-0270
(860)665-3431

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via U.S. Mail, first class, postage pre-paid, on March 5, 2004, to

Nicholas J. Harding
Kosloff & Harding
28 North Main Street
West Hartford, CT 06107

Tel:   (860) 521-7004
Fax:   (860) 521-3352

I further certify that a copy of the foregoing was mailed via U.S. Mail, first class, postage pre-paid, on March 5, 2004, to

Irving H. Perlmutter
Ulman, Perlmutter & Sklaver
47 Trumbull Street
P.O. Box 514
New Haven, CT 06503-0514

Tel:   (203) 772-2180
Fax:   (203) 772-4631

*/s/ Angela L. Ruggiero*
Angela L. Ruggiero