# KOSLOFF & HARDING
### Attorneys at Law
28 North Main Street
West Hartford, Connecticut 06107
Telephone: (860) 521-7004
Fax: (860) 521-3352

Alan M. Kosloff
Nicholas J. Harding
Mary McQueeney

akosloff@koslyffandharding.com
nharding@koslyffandharding.com
mmcqueeney@koslyffandharding.com

RECEIVED
US MAGISTRATE JUDGE
2004 SEP 15 A 11: 21

September 14, 2004

The Honorable Donna F. Martinez
US District Court
450 Main Street
Hartford, Connecticut 06103

RE:   *Joseph A. Schiavone Corporation et al v Kasden et al*
      3:02CV1718 (RNC)

      Prefiling Conference Request
      Plaintiffs' Motion for Partial Summary Judgment

Dear Judge Martinez:

In accordance with the Court's *Superseding Scheduling Order Regarding Case Management Plan*, of September 2, 2003, (the "CMO"), I write to request a prefiling conference with respect to Plaintiffs' Motion for Partial Summary Judgment.

A grant of the motion, or a partial grant the motion, will narrow and simplify the issues for trial.

The basis for the proposed motion for partial summary judgment is that the plaintiffs believe that discovery has shown that plaintiffs can establish a *prima facie* case as required under CERCLA and the controlling precedent in this Circuit. *BF Goodrich et al. v. Betkoski et al.*, 99 F.3d. 505, (2d Cir., 1996), sets the elements for a *prima facie* case, at page 514, as:

(1) the defendants are within one of the four categories of responsible parties enumerated in 42 USC §9607(a);
(2) the site is the facility as defined in 42 USC §9601(9);
(3) there is a release or threatened release of a hazardous substance at the facility;
(4) the plaintiff incurred costs responding to the release or threatened release; and
(5) the costs and response actions conform to the national contingency plan.

Once a plaintiff makes a *prima facie* showing, a defendant may avoid

---

[Margin handwritten note, left side, rotated:]
November 8, 2004. The Clerk will docket this letter and send copies of this endorsement to counsel of record. Counsel may file the proposed motion on or before December 13, 2004, without a prefiling conference. So ordered.

Robert N. Chatigny, U.S.D.J.

[Stamp:] FILED 2004 NOV 10 P 2:03

The Honorable Donna F. Martinez
September 14, 2004
Page 2

> liability only if it establishes by a preponderance of the evidence that the release or threatened release was caused by an act of God, an act of war, certain acts or omissions of third parties other than those with whom the defendant had a contractual relationship, or a combination of these reasons.... If the plaintiff can establish each of the *prima facie* elements on undisputed facts, and the defendant is unable to demonstrate by a preponderance of the evidence that an affirmative defense applies, summary judgment on liability is appropriate.... Significantly, it is not "not required that the [plaintiff] show that a specific defendant's waste caused incurrence of cleanup costs"........ [b]ecause CERCLA imposes strict liability, there is no causation requirement. [Internal citations omitted.]

*Betkoski,* at 514-515.

Resolution of some or all of the five factors required by *Betkoski* will simplify the trial of this matter and save both the Court in the parties time. The case will become a matter of resolving the allocation of costs and responsibility.

Key dates under current orders for this case are:

| | |
|---|---|
| October 26, 2004 | Depositions of Defendants Experts |
| November 3, 2004 | Mediation before Magistrate Judge Donna Martinez |
| November 30, 2004 | Plaintiffs' Reply Expert Disclosure Reports |
| January 26, 2005 | Deposition of Plaintiffs' Reply Experts |
| February 25, 2005 | Defendants' reply Expert Disclosure Reports |
| April 26, 2005 | Deposition Defendants of Reply Experts |
| April 26, 2005 | Completion of all Discovery |
| May 27, 2005 | Joint Trial Memorandum |
| June 2005 | Trial Ready List |

This request for prefiling conference was discussed with Mr. Charles Nicol, Esq., counsel to NUSCO and CL&P on September 14, 2004; Mr. Nicol agreed that with respect to issues (2)—the site is a CERCLA facility——and (3)—there has been a release of a hazardous substance— above there may be no factual dispute. Notwithstanding the lack of agreement on points (1), (4) and (5), Plaintiffs believe that a motion for summary judgment is appropriate on all *Betkoski* elements.

Sincerely,

Nicholas J. Harding

cc: Michael Schiavone
Certificate of Service, attached.

## Certificate of Service

    I hereby certify that a copy of the above was mailed or delivered in hand on September 14, 2004 to all counsel and pro se parties of record as follows:

| | |
|---|---|
| Connecticut Light and Power Company | Charles J. Nicol, Esq.<br>Angela L. Ruggiero, Esq.<br>Northeast Utilities Service Company<br>P.O. Box 270<br>Hartford, CT 06141-0270<br><br>Tel: 665-3431 / 665-3495<br>Fax: 665-5504 |
| Northeast Utilities Service Company | Charles J. Nicol, Esq.<br>Angela L. Ruggiero, Esq.<br>Duncan Ross MacKay, Esq.<br>Northeast Utilities Service Company<br>P.O. Box 270<br>Hartford, CT 06141-0270<br><br>Tel: 665-3431 / 665-3495<br>Fax: 665-5504 |

                                                              _/s/ Nicholas J. Harding_
                                                              Nicholas J. Harding

F:\WPDOCS\Schiavone\PCB 2057.11\Fed Pleadings\prefiling conf request.wpd
2057-11.04