## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joseph A. Schiavone Corporation,<br>Michael Schiavone,<br><br>      Plaintiffs<br><br>v.<br><br>Philip Kasden,<br>Northeast Utilities Service Company, and<br>Connecticut Light and Power Company,<br><br>      Defendants | Civil Action<br>No. 302 CV-1718 (RNC)<br><br><br><br><br><br><br><br><br><br>December 13, 2004 |

**Plaintiffs' Motion For Partial Summary Judgment As To Liability**

The plaintiffs move for partial summary judgment as to the liability of the defendants under CERCLA. In accordance with FRCP Local Rule 56(a)1, plaintiffs' *Local Rule 56(a)1 Statement* is annexed hereto. In addition, a memorandum of law in support of this motion has been filed.

Plaintiffs' claims are based on CERCLA § 113 (Count I), CGS § 22a-452 (Count II), and CGS § 22a-16 (Count III). Claims for declaratory relief are made pursuant to CERCLA and the Declaratory Judgments Act, 28 USC §§ 2201-2202 (Count IV). At this time, plaintiffs seek summary judgment only as to the defendants' liability in this matter pursuant to CERCLA. As discussed in more detail in the supporting memorandum of law, no genuine issues of fact exist with

respect to the defendants CERCLA liability in this matter. Plaintiffs can establish a *prima facie* case for liability as required under CERCLA and the controlling precedent in this Circuit, *BF Goodrich et al. v. Betkoski et al.,* 99 F.3d. 505 (2nd Cir., 1996).[1] Allocation of costs and damages are to be determined at a later time.

Respectfully submitted,

Joseph A. Schiavone Corporation, and
Michael Schiavone
Plaintiffs

Nicholas J. Harding
Federal Bar No. ct06387
Kosloff & Harding
Their Attorneys
28 North Main Street
West Hartford, CT 06107
Tel: (860)521-7004
Fax: (860) 521-3352

F:\WPDOCS\Schiavone\PCB 2057.11\Fed Pleadings\Summary Judg Mot\Motion for Summary Judgment.wpd

---

[1] *Betkoski* (at 514-515) sets the elements for a *prima facie* case as "... (1) the defendant is within one of the four categories of responsible parties enumerated in 42 USC §9607(a); (2) the landfill site is a facility as defined in 42 USC §9601(9); (3) there is a release or threatened release of hazardous substances at the facility; (4) the plaintiff incurred costs responding to the release or threatened release; and (5) the costs and response actions conform to the national contingency plan. 42 U.S.C. § 9607(a); *Alcan [U.S. v. Alcan Aluminum Corporation,* 990 F.2d 711 (1992)], 990 F.2d at 719-20; *Murtha I [B.F. Goodrich Co. v. Murtha,* 958 F.2d 1192 (2d Cir. 1992)], 958 F.2d at 1198. ...

If the plaintiff can establish each of the *prima facie* elements on undisputed facts, and the defendant is unable to demonstrate by a preponderance of the evidence that an affirmative defense applies, summary judgment on liability is appropriate. *Alcan,* 990 F.2d at 720. Significantly, it is '*not* required that the [plaintiff] show that a specific defendant's waste caused incurrence of cleanup costs.' *Id.* at 721. Because CERCLA imposes strict liability, there is no causation requirement."

## Certificate of Service

I hereby certify that a copy of the above was mailed or delivered in hand on December 13, 2004 to all counsel and pro se parties of record as follows:

Connecticut Light and Power Company

Charles J. Nicol, Esq.
Angela L. Ruggiero, Esq.
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT 06141-0270

Tel:   665-3431 / 665-3495
Fax:   665-5504

Northeast Utilities Service Company

Charles J. Nicol, Esq.
Angela L. Ruggiero, Esq.
Duncan Ross MacKay, Esq.
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT 06141-0270

Tel:   665-3431 / 665-3495
Fax:   665-5504

_____
Nicholas J. Harding

Filing Location:

Office of the Clerk
U.S. District Court
450 Main Street
Hartford, CT 06103