**Plaintiffs' Local Rule 56(a)1 Statement**

**Exhibit 1**

**Affidavit of Michael Schiavone**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Joseph A. Schiavone Corporation | : | Civil Action |
| Michael Schiavone, | : | No. 302 CV-1718 (RNC) |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Philip Kasden, | : | |
| Northeast Utilities Service Company, and | : | |
| Connecticut Light and Power Company, | : | |
| | : | |
| Defendants | : | December /0, 2004 |
| | : | |

**Affidavit of Michael Schiavone**

Personally appeared Michael Schiavone, who being duly sworn deposes and says:

1.      That I am over the age of 18 years;

2.      That I believe in the obligation of an Oath;

3.      That the information stated herein is based on my personal knowledge and belief;

4.      I reside in Stuart, Florida and maintain a place of business in Branford, Connecticut.

5.      I am the current owner of certain real property known as Lot 2 with an address now known

as 250 Universal Drive North, North Haven, Connecticut as identified in a deed recorded in Volume

338, Page 586 *et seq.* of the North Haven Land Records attached as Exhibit 1.

6.      I have owned Lot 2 since December 31, 1984, see Deed attached as Exhibit 1.

7.      I am the current owner of certain real property known as Lot 2A with an address now known

as 250 Universal Drive North, North Haven, Connecticut as identified in a deed recorded in Volume

336, Page 891 *et seq.* of the North Haven Land Records attached as Exhibit 2.

8.      I have owned Lot 2A since October 23, 1984, see Deed attached as Exhibit 2.

9.      I am generally familiar with the work undertaken by KU Resources, Inc., on Lot 2 and Lot

2A with respect to the discovery, investigation and remediation of the PCB contamination on Lot

2 and Lot 2A.

10.     I authorized the work undertaken by KU Resources, Inc., on Lot 2 and Lot 2A on my behalf

and on the behalf of the Joseph A. Schiavone Corporation, and have authorized and ratified that

work taken on the behalf of Harbor Circle, LLC.

11.     Since May 2002, I have in an individual capacity, incurred in excess of $10,000 in

engineering expenses for responding to the PCB contamination discovered on Lot 2 and Lot 2A.


Dated at *Branford*  CT        this  *10*  day of December, 2004.

                                             DEPONENT:


                                             _____
                                             Michael Schiavone



Subscribed and sworn to before me this  *10*  day of December, 2004.


                                             _____
                                             Notary Public/
                                             Commissioner of the Superior Court

F:\WPDOCS\Schiavone\PCB 2057.11\Fed Pleadings\Summary Judg Mot\ms affidavit.wpd

RONALD J. SADER
NOTARY PUBLIC
MY COMMISSION EXPIRES MAR. 31, 2005

2

C23—WARRANTY DEED—SHORT FORM
IND OR CORP

VOL 338 PAGE 586

© 1976 ALL-STATE LEGAL SUPPLY CO.
269 Sheffield St., Mountainside, N J 07092

# To all People to Whom these Presents shall Come, Greeting:

**Know Ye,** That H. KASDEN & SONS, INC., a Connecticut corporation, with a place of business located in the Town of North Haven, County of New Haven and State of Connecticut,

*herein designated as the Grantors,*

*for the consideration of* Five Hundred Thousand Dollars ($500,000.00)

*received to the full satisfaction of the Grantors, from* MICHAEL SCHIAVONE, of the said Town of North Haven, County of New Haven and State of Connecticut,

*herein designated as the Grantees,*

*do hereby give, grant, bargain, sell and convey to the Grantees* all that certain piece or parcel of land with the buildings and improvements thereon, situated in the Town of North Haven, County of New Haven and State of Connecticut, known as #175 Terminal Drive, and more particularly bounded and described on Schedule A attached hereto and made a part hereof.

$550.00 Conveyance Tax received

*Amelia P. Kennedy*

Town Clerk of North Haven

$2,500.00 State
Conveyance Tax received

*Amelia C. Kennedy*

Town Clerk of North Haven

**To Have and to Hold** the premises hereby conveyed, with the appurtenances thereof, unto the Grantees and unto the Grantees' heirs, successors and assigns forever and to the Grantees' and their own proper use and behoof; and the Grantors do for themselves, their heirs, successors and assigns covenant with the Grantees, their heirs, successors and assigns that the Grantors are well seized of the premises as a good indefeasible estate in FEE SIMPLE; and have good right to grant and convey the same in manner and form as herein written and the same are free from all incumbrances whatsoever, except as herein stated.

**And Furthermore,** the Grantors do by these presents bind themselves and their heirs, successors and assigns forever to WARRANT AND DEFEND the premises hereby conveyed to the Grantees and their heirs, successors and assigns against all claims and demands whatsoever, except as herein stated.

In all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

**In Witness Whereof,** the Grantors have hereunto set their hands and seals, or if a corporation, it has caused these presents to be signed by its corporate officers and its corporate seal to be affixed hereto, this 31st day of December 19 84.

*Signed, Sealed and Delivered in the presence of*
*or Attested by*

H. KASDEN & SONS, INC.

By: _____ -V.P.
    Michael Schiavone
Its VICE PRESIDENT

_____
Donald W. Celotto, Jr.

_____
Helen F. Joseph

State of Connecticut
County of New Haven       } ss.   New Haven

Blumberg No. 5119

EXHIBIT
1

VOL 338 PAGE 557

SCHEDULE A

All that certain piece or parcel of land situate, lying and being in the Town of North Haven, County of New Haven and State of Connecticut, delineated and shown within yellow lines on a certain map entitled: "New York, New Haven & Hartford Railroad   Office of Engineer - Real Estate   Land in North Haven, Conn.    To Be Conveyed To Lloyd Terminal, Incorporated   Scale 1 In. = 100 Ft.   June 1965 Revised Dec. 1965", and recorded and filed in the North Haven Land Records and bounded and described as follows:

BEGINNING at a point marked by the center of an iron pipe at the most easterly corner of the herein described premises, said point being distant 20 feet northwesterly of and measured at right angles from a point in the center line of the narrow gauge track which is 249.41 feet northeasterly of the point of curvature of said track as measured along said center line thereof;

Thence southwesterly, parallel with and distant 20 feet northwesterly of and measured at right angles from said center line, bounding southeasterly by remaining railroad land, 249.41 feet to a point of curvature marked by the center of an iron pipe;

Thence in a general southwesterly direction by a curve to the right having a radius of 1151.94 feet, bounding southeasterly by said remaining railroad land, 217.59 feet to a point of tangency marked by the center of an iron pipe, the chord of said curve having a length of 217.26 feet and making an interior angle of 174° 35' 20" with the last described line;

Thence southwesterly, making an interior angle of 174° 35' 20" with the chord of the last described curve, bounding southeasterly by said remaining railroad land, 460 feet more or less to a point in the northeasterly bank of Quinnipiac River;

Thence northwesterly along said northeasterly bank of Quinnipiac River 830 feet more or less to a point;

Thence northeasterly, bounding northwesterly by said remaining railroad land, 480 feet more or less to a point;

Thence southeasterly, making an interior angle of 97° with the last described line, bounding northeasterly by said remaining railroad land, 675 feet to the point or place of beginning, and at right angles with the first described line.

Containing 12.2 acres more or less.

Being the real estate described in a deed from Richard Joyce Smith and William J. Kirk, Trustees of the property of The New York, New Haven and Hartford Railroad Company to Lloyd Terminal Incorporated dated November 28, 1966 and recorded on December 1, 1966 in Volume 225 at Page 678 of the North Haven Land Records, under the terms of which deed said Trustees retained all riparian rights pertaining to said real estate.

Together with the permanent right, privilege and easement to pass and repass on foot and with vehicles, in common with the Trustees, their successors and assigns, and others entitled thereto, and to install, repair and maintain service lines on, over, under and across the unimproved roadway, as presently located or as may reasonably be relocated, leading from the easterly corner along the northeasterly boundary of the above described premises in part to Sackett Point Road;



VOL 338 PAGE 588        SCHEDULE A (continued)

Said premises are subject to building lines, if established, all laws, ordinances or governmental regulations, including building and zoning ordinances affecting said premises, and environmental regulations and restrictions xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx; and

1. A reservation in favor of the above mentioned Trustees, their successors and assigns to install and operate sidetracks on and across the above mentioned roadway area to provide facilities for sidetracks on property adjacent thereto all as contained in Volume 225, Page 678 et seq. of said Land Records.

2. Said premises are subject to drainage conditions in existence on November 28, 1966.

3. A portion of said premises is subject to an order of the Commissioner of Environmental Protection of the State of Connecticut establishing the bounds of the title Wetlands in accordance with Section 22-7j of the 1971 Supplement to the General Statutes of the State of Connecticut and in accordance with Section 15 of Public Act 854 of the 1971 Session of the General Assembly of the State of Connecticut, all as more particularly described in an instrument dated November 10, 1972 and recorded in Volume 271, Page 627 of the North Haven Land Records.

4. Taxes on the List of October 1, 1983, second half, and taxes on the List of October 1, 1984.

5. An easement Grant and Release Agreement by and between H. Kasden & Sons, Inc. and Exit Nine Limited Partnership, dated August 27, 1984 and recorded in Volume 335 on Page 452 of said Land Records.

Received for Record
2:14 PM
DEC 31 1984
Emile P Kanely
Town Clerk

VOL 336 PAGE 891

TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING:

KNOW YE, That EXIT NINE LIMITED PARTNERSHIP, a Connecticut Limited Partnership, having a principal place of business in the Town of North Haven, County of New Haven and State of Connecticut, for the consideration of Four Hundred Thousand and no/100 Dollars ($400,000.00) received to its full satisfaction of MICHAEL SCHIAVONE, of the Town of North Haven, County of New Haven and State of Connecticut with a mailing address of 234 Universal Drive, North Haven, Connecticut, does hereby give, grant, bargain, sell and confirm unto the Grantee, his heirs and assigns forever, all those certain pieces or parcels of land, together with any improvements thereon, situated in the Town of North Haven, County of New Haven and State of Connecticut and described on Schedule A attached hereto and made a part hereof.

TO HAVE AND TO HOLD the above granted and bargained premises, with the appurtenances thereof, unto the said Grantee, his heirs and assigns forever, to his and their own proper use and behoof. And also the said Grantor does for itself, its successors and assigns, covenant with the said Grantee, his heirs and assigns, that at and until the ensealing of these presents it is well seized of the premises, as a good indefeasible estate in fee simple, and has good right to bargain and sell the same in manner and form as is above written and that the same is free from all encumbrances whatsoever, except as hereinbefore mentioned.

AND FURTHERMORE, the said Grantor does by these presents bind itself and its successors and assigns forever to WARRANT and DEFEND the above granted and bargained premises to the said Grantee, his heirs and assigns, against all claims and demands whatsoever, except as hereinbefore mentioned.

IN WITNESS WHEREOF, Grantor has hereunto caused this instrument to be executed this 23rd day of October, 1984.

Signed, sealed and delivered
    in the presence of:

EXIT NINE LIMITED PARTNERSHIP

By _____
    Herbert H. Pearce
    Its General Partner

STATE OF CONNECTICUT )
                     : ss. No Haven    October 23, 1984
COUNTY OF NEW HAVEN  )

Personally appeared Herbert H. Pearce, a general partner of Exit Nine Limited Partnership, signer and sealer of the foregoing instrument, and he acknowledged the same to be his free act and deed as general partner, and the free act and deed of Exit Nine Limited Partnership, before me.

_____
Notary Public
My commission expires 3.31.87

$2000.00 State Conveyance Tax received $440.10 Conveyance Tax received

_____        _____
Town Clerk of North Haven         Town Clerk of North Haven

EXHIBIT
2

Blumberg No. 5119

VOL 336 PAGE 892

<u>Schedule A</u>

<u>First Piece</u>

All that certain piece or parcel of land situated
in the Town of North Haven, County of New Haven and State of
Connecticut, being shown as "Remaining Land of Herbert H.
Pearce & Donald B. Lippincott (Not a Building Lot - Reserved as
Greenbelt and for possible future conveyance to Lot #2, subject
to future drainage rights Area = 138,348 S.F. ± 3.18 Ac. ±"
on a map entitled "Resubdivision Plan Exit 9 Industrial Center
North Haven, Connecticut Herbert H. Pearce & Donald B.
Lippincott, Developers & Owners," Drawing Number 1 of 4 and 2
of 4, dated November 15, 1982, revised through August 22, 1984,
prepared by TPA Services, 85 Willow Street, New Haven,
Connecticut, Scale 1" = 100', which map is on file in the North
Haven Town Clerk's Office, said piece or parcel of land being
bounded and described as follows:

Beginning at a point, said point being located North
58°-24'-57" West, 266.91 feet from a monument, said
monu- ment being located at the intersection of the
Southeasterly corner of property belonging now or
formerly to Bartram Realty Co., Inc;

Thence continuing North 58°-24'-57" West, 50 feet more
or less along land now or formerly of Consolidated
Rail Cor- poration to the Easterly edge of the
Quinnipiac River;

Thence running Northerly 900 feet more or less along
said Easterly edge of the Quinnipiac River;

Thence running North 23°-46'-50" East, 595 feet more
or less along the Easterly line of land belonging now
or formerly to H. Kasden & Sons, Inc.;

Thence running Northeasterly along a curved line,
concave to the Northwest, having a radius of 1,151.94
feet and a central angle of 10°-49'-20", 217.58 feet
along said Easterly line of H. Kasden & Sons, Inc.;

Thence running South 12°-57'-30" West, 506.40 feet
along the Westerly line of land belonging now or
formerly to Herbert H. Pearce and Donald B. Lippincott;

Thence running Southeasterly along a curved line,
concave to the Southeast, having a radius of 576.00
feet and a central angle of 21°-25'-32", 215.39 feet
along said West- erly line of land now or formerly of
Pearce and Lippincott;

Thence running South 08°-28'-02" East, 630.01 feet
along said Westerly line of land now or formerly of
Pearce and Lippincott;

Thence running Southwesterly along a curved line,
concave to the Southwest, having a radius of 496.00
feet and a central angle of 34°-16'-07", 296.66 feet
along the Westerly line of said land now or formerly
of Pearce and Lippincott to the point and place of
beginning.

VOL 336 PAGE 893

Together with all of Grantor's right, title and inter-
est, if any, in and to that certain piece or parcel of land
located in the Town of North Haven, County of New Haven and
State of Connecticut, containing 18,000 square feet more or
less (0.41 Acres) and being more particularly bounded and
described as follows:

Beginning at a point, said point being located South
19°-57'-30" West, 80 feet more or less from the Northwest-
erly corner of land belonging now or formerly to H. Kasden
& Sons, Inc.;

Thence continuing South 19°-57'-30" West, 450 feet more or
less to the Easterly edge of the Quinnipiac River;

Thence running Northerly, 450 feet more or less along the
edge of the marsh as shown on said map, being along land
belonging now or formerly to the State of Connecticut, to
point and place of beginning.

Together with the right and easement to use, in common
with others to whom Grantor has or may hereafter grant
rights and easements, for all purposes for which public
streets may be used in the Town of North Haven, including,
without limitation, the right to install, maintain, repair
and replace roadways thereon, and to install, maintain,
repair and replace utilities thereon and therein, the area
marked "Land of Herbert H. Pearce and Donald B. Lippincott
- Proposed Easement to Consolidated Rail Corporation and
Lot #1 Area = 189,701.02 S.F. 4.35 AC" on said map, as
revised through August 22, 1984. The within right and
easement shall terminate as to said area or such portion
thereof upon the acceptance of said area or any portion
thereof as a public street or highway by the Town of North
Haven or the State of Connecticut and Grantor reserves the
right for itself, its successors and assigns to so dedicate
said area or any portion thereof.

Said First Piece is subject to:

(1) A drainage easement entitled "25' drainage ease-
ment exact location to be determined" as shown on said map
and as set forth in a deed from Seller to Bartram Realty
Co., Inc. dated October 4, 1983 and recorded in Volume 329
at Page 48 of the North Haven Land Records.

(2) Restrictions as are or may hereafter be imposed
by governmental authorities upon development of area shown
as "Area reserved for greenbelt" on said map.

VOL 336 PAGE 894

Second Piece

All that certain piece or parcel of land situated in
the Town of North Haven, County of New Haven and State of
Connecticut, being shown as "Lot #2A Area = 307,846 S.F. +
7.07 AC +" on a map entitled "Resubdivision Plan #3 Exit 9
Industrial Center North Haven, Connecticut Herbert H. Pearce &
Donald B. Lippincott, Developers & Owners," Drawing Number 2 of
4 dated November 15, 1982, revised through August 21, 1984,
prepared by TPA Services, 85 Willow Street, New Haven,
Connecticut Scale 1" = 100', which map is filed in the North
Haven Town Clerk s Office, said piece or parcel of land being
bounded and described as follows:

Beginning at a point, said point being the Northeasterly
corner of land belonging now or formerly to H. Kasden &
Sons, Inc.;

Thence running North 77°-02'-30" West, 645 feet more or
less along the Northerly line of said H. Kasden & Sons,
Inc., to edge of marsh, also being the Easterly property
line of property belonging now or formerly to the State of
Connecticut;

Thence following the meanders of said edge of marsh in a
Northerly direction, 450 feet more or less along said
Easterly line of said land now or formerly of the State of
Connecticut to a point, said point being the Southwesterly
corner of property belonging now or formerly to Herbert H.
Pearce and Donald B. Lippincott;

Thence running South 86°-12'-45" East, 255 feet more or
less along the Southerly line of land of Herbert H. Pearce
and Donald B. Lippincott;

Thence running North 03°-47'-15" East, 35.00 feet along
land now or formerly of said Pearce and Lippincott;

Thence running South 86°-12'-45" East, 235.00 feet along
said Southerly line of said Pearce and Lippicott;

Thence running North 88°-47'-15" East, 284.65 feet along
said Southerly line of land now or formerly of said Pearce
and Lippincott to a point, said point being located on the
Westerly street line of Universal Drive North;

Thence running Southwesterly along a curved line, concave
to the Northwest, having a radius of 716.00 feet and a
central angle of 04°-06'-21", 61.28 feet along said
Westerly street line of Universal Drive North;

Thence running South 12°-57'-30" West, 457.03 feet along
other land now or formerly of said Pearce and Lippincott,
to point and place of beginning.

Together with the right and easement to use, in common
with others to whom Grantor has or may hereafter grant
rights and easements, for all purposes for which public
streets may be used in the Town of North Haven, including,
without limitation, the right to install, maintain, repair

VOL 336 PAGE 895

and replace roadways thereon, and to install, maintain,
repair and replace utilities thereon and therein, the area
marked "Land of Herbert H. Pearce and Donald B. Lippincott
- Proposed Easement to Consolidated Rail Corporation and
Lot #1 and Lot #2 Area = 189,701.02 S.F. 4.35 AC" on said
map, as revised through August 21, 1984. The within right
and easement shall terminate as to said area or such por-
tion thereof upon the acceptance of said area or any por-
tion thereof as a public street or highway by the Town of
North Haven or the State of Connecticut and Grantor
reserves the right for itself, its successors and assigns
to so dedicate said area or any portion thereof.

Said Second Piece is subject to:

        (1) A ten-foot wide drainage easement, being part of a
"25' permanent easement" as shown on said map and as set
forth in a deed from Grantor to the Town of North Haven
dated August 16, 1984 and recorded in Volume 335 at
Page 462 of the North Haven Land Records.

        (2)  A grant in favor of the United Illuminating
Company dated October 15, 1968 and recorded on October 16,
1968 in Vol. 240 at Page 555 of the North Haven Land
Records.

        (3)  A certain easement for foot and vehicle passage
and for the installation, repair and maintenance of service
lines as granted in a deed from Richard Joyce Smith and
others, Trustees of the New York, New Haven and Hartford
Railroad Company to Lloyd Terminal Incorporated, dated
November 28, 1966 and recorded December 1, 1966 in
Volume 225 at Page 678 of said Land Records.


Grantee, by his acceptance of this deed, agrees for himself,
his heirs and assigns that he will substantially complete the
construction upon this Second Piece of a building containing at
least 15,000 square feet of gross floor area within eighteen
months from the date of this deed.  In the event that construc-
tion of a building on this Second Piece containing said minimum
square footage is not substantially completed in accordance
with plans approved by Grantor on or before eighteen months
from the date of this deed, the Grantee shall upon request by
Grantor immediately reconvey the First and Second Pieces herein
described, together with all improvements thereon, to the
Grantor by good and sufficient warranty deed in exchange for
the Grantor's payment to the Grantee of an amount equal to the
consideration paid herefor by the Grantee to the Grantor, that
amount being $400,000.00.  For the purpose of this paragraph,
construction shall be deemed to be substantially completed upon
issuance of a final certificate of occupancy for such building
by the Town of North Haven.  Notwithstanding the time limita-
tion provided for herein, Grantor agrees that it will grant to
Grantee a reasonable extension period to complete construction
in the event that completion is delayed due to strikes or
unavailability of materials or weather conditions beyond the
control of Grantee.

VOL 336 PAGE 896

Both First and Second Pieces are subject to:

(1)  Riparian rights and easements of others over the waters of the Quinnipiac River and the Muddy River.

(2)  The First and Second Pieces are conveyed subject to the following restrictions for the benefit of the remaining lots now or formerly owned by Grantor and as shown on the aforesaid resubdivision maps:

(i)  No scrap, materials or product of any nature shall be placed, stored or kept outside of any building on the premises nor shall tractor bodies or trailers be used for any such storage on the premises.

(ii)  No building or structure on the premises shall be used for any offensive or noxious purpose, or for any purpose which emits offensive odors or other offensive emissions.

(iii)  Grantor shall have the right to approve in writing all signs and all plans for any building and other improvements to be constructed on the premises. Prior to commencement of any construction, Grantee agrees to submit all such plans to Grantor and Grantor agrees to approve or disapprove such plans within 10 days of receipt.

(iv)  There shall be no storage of hazardous waste (as that term is presently defined in section 22a-115 of the Connecticut General Statutes) on the premises.

(v)  Grantee shall install vapor tight traps and sumps on all catch basins to be constructed as part of site development.  Grantee will immediately remove all spills of hydrocarbons and toxic or other hazardous materials and will pump all such spilled materials from catch basins.  If no significant spills occur, then Grantee shall pump all material trapped in catch basins no less frequently than once per year.

(vi)  Each of the foregoing covenants and restrictions are, and shall be deemed to be, covenants running with the land.

(3)  Building lines if established, all laws, ordinances or government regulations, including all environmental laws, ordinances and regulations and further including all building and zoning ordinances, affecting said premises, and taxes on the Grand List of October 1, 1983, second half and thereafter, which taxes Grantee assumes and agrees to pay as part of the consideration for this deed.

Received for Record

3 hr 24 ... P.M

OCT 23 1984

_Amelia P. Kennedy_

Town Clerk