**Plaintiffs' Local Rule 56(a)1 Statement**

**Exhibit 2**

**Answer to Second Amended Complaint**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH A. SCHIAVONE CORPORATION and MICHAEL C. SCHIAVONE | ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 302cv1718 (RNC) |
| v. | ) ) | |
| PHILIP KASDEN, NORTHEAST UTILITIES SERVICE COMPANY, and CONNECTICUT LIGHT AND POWER COMPANY | ) ) ) ) | August 21, 2003 |
| Defendants. | ) ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

This Answer is being submitted on behalf of Northeast Utilities Services Company ("NUSCO") and The Connecticut Light & Power Company ("CL&P") (collectively, "Defendants").

### Jurisdiction and Venue

1. Defendants admit the court has jurisdiction over this matter as alleged and that Plaintiffs purport to bring this action under the laws of the United States. The Defendants further admit that that Plaintiffs invoke supplemental jurisdiction over their purported state law claims pursuant to 28 U.S.C. § 1367and C.G.S. § 52-59b (the Connecticut Long Arm Statute).

2. Admitted.

3. Defendants admit that Plaintiffs purport to seek a declaration by this court pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202. Defendants deny that Plaintiffs are entitled to Declaratory Judgment.

<div align="center">Parties</div>

4. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

5. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

6. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

7. Admitted.

8. Admitted.

<div align="center">Property</div>

9. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

10. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

<div align="center">2</div>

11. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

12. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

13. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

14. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

15. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

<div align="center">

**COUNT I**
**CERCLA § 113**

</div>

16. Responses to paragraphs 1 through 15 above are incorporated by reference and made corresponding answers to paragraphs 1 through 15 of this first count as if fully set forth herein.

17. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

18. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

19. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

20. Defendants neither admit nor deny the allegations in this paragraph of Plaintiffs' amended complaint as it calls for a legal conclusion.

21. Defendants neither admit nor deny the allegations in this paragraph of Plaintiffs' amended complaint as it calls for a legal conclusion.

22. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

23. Defendants neither admit nor deny the allegations in this paragraph of Plaintiffs' amended complaint as it calls for a legal conclusion.

24. Defendants neither admit nor deny the allegations in this paragraph of Plaintiffs' amended complaint as it calls for a legal conclusion.

25. Denied.

26. Denied.

4

27. Denied.

28. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

29. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

30. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of the first sentence of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof. Defendants neither admit nor deny the allegations in the second sentence of this paragraph of Plaintiffs' amended complaint as it calls for a legal conclusion.

31. Defendants neither admit nor deny the allegations in this paragraph of Plaintiffs' amended complaint as it calls for a legal conclusion.

32. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

33. Denied.

34. Denied as to NUSCO and CL&P. Defendants neither admit nor deny the allegations in this paragraph of Plaintiffs' amended complaint as it relates to Kasden as it calls for a legal conclusion.

5

## COUNT II
### C.G.S. § 22a-452

35. Responses to paragraphs 1 through 34 are incorporated by reference and made corresponding answers to paragraphs 1 through 34 of this second count as if fully set forth herein.

36. Denied as to NUSCO and CL&P. Defendants neither admit nor deny the allegations in this paragraph of Plaintiffs' amended complaint as it relates to Kasden as it calls for a legal conclusion.

## COUNT III
### C.G.S. § 22a-16

37. Responses to paragraphs 1 through 34 are incorporated by reference and made corresponding answers to paragraphs 1 through 34 of this third count as if fully set forth herein.

38. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

39. Denied.

## COUNT IV
### Declaratory Relief Under CERCLA

40. Responses to paragraphs 1 through 34 are incorporated by reference and made corresponding answers to paragraphs 1 through 34 of this fourth count as if fully set forth herein.

6

41. Defendants have insufficient knowledge to form a belief as to the truth or falsity of the allegations of this paragraph of Plaintiffs' amended complaint and therefore leave Plaintiffs to their proof.

42. Defendants admit that Plaintiffs contend that NUSCO and CL&P have obligations and potential legal liabilities under CERCLA for such costs as Plaintiffs contend have been or will be incurred for activities Plaintiffs claim have been performed in the investigation and remediation of alleged hazardous substance contamination at the Property.  Defendants deny the remaining allegations of this paragraph of Plaintiffs' amended complaint.

43. Defendants admit that Plaintiffs request a judicial declaration, however, Defendants neither admit nor deny the remaining allegations in this paragraph of Plaintiffs' amended complaint as they call for a legal conclusion.

44. Defendants admit that Plaintiffs request a judicial declaration, however, Defendants neither admit nor deny the remaining allegations of this paragraph of Plaintiff's amended complaint as they call for a legal conclusion.

<div align="center">

**PRAYER FOR RELIEF**

</div>

Defendants deny that Plaintiffs are entitled to any relief as against it.

<div align="center">

**AFFIRMATIVE DEFENSES**

</div>

Defendants NUSCO and CL&P assert the following affirmative defenses.

**First Affirmative Defense**

The Complaint fails to assert a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Second Affirmative Defense**

Plaintiffs have allowed the spoliation of evidence.

**Third Affirmative Defense**

Plaintiffs' supplemental claims are barred by the doctrine of laches.

**Fourth Affirmative Defense**

Plaintiffs have assumed the risk involved in this case by acquiring the property in

question without adequate investigation.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred by applicable statutes of limitations.

<div style="margin-left: 40%;">

RESPECTFULLY SUBMITTED,
DEFENDANTS NORTHEAST UTILITIES
SERVICE COMPANY AND THE
CONNECTICUT LIGHT AND POWER
COMPANY

BY:
_____
Charles J. Nicol
Senior Counsel
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT  06141-0270
(860) 665-3431
Federal Bar No. (ct 302032)

Its Attorney

</div>

8

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed by first-class mail,

postage prepaid on, August 21st, 2003, to:


Nicholas J. Harding, Esquire
Kosloff & Harding
28 North Main Street
West Hartford, CT 06107

Irving H. Perlmutter, Esquire
Ullman, Perlmutter & Sklaver
47 Trumbull Street
P.O. Box 514
New Haven, CT 06510

Charles J. Nicol

9